UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| INTERNATIONAL MARINE, L.L.C. and INTERNATIONAL OFFSHORE SERVICES, L.L.C. | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. _____ ADMIRALTY/RULE 9(H) |
| DELTA TOWING, L.L.C. | § § | |
| *Defendant.* | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW International Marine, L.L.C. and International Offshore Services, L.L.C. (collectively hereinafter "Plaintiffs") complaining of Defendant Delta Towing, L.L.C. ("Defendant") pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaration of the rights and obligations of the interested parties under a contract, including the enforceability of a liquidated damages clause contained therein, and for cause of action respectfully shows this Honorable Court the following:

### I.  PARTIES

1.1   Plaintiff International Marine, L.L.C. ("International Marine") is a company duly organized and existing under the laws of the State of Louisiana. International Marine maintains its principal place of business at 11864 Highway 308, Larose, Louisiana 70373.

1.2   Plaintiff International Offshore Services, L.L.C. ("IOS") is a company duly organized and existing under the laws of the State of Louisiana. International Offshore Services, L.L.C. maintains its principal place of business at 11864 Highway 308, Larose, Louisiana 70373.

1.3     Defendant Delta Towing, L.L.C. is a corporation duly organized and existing under the laws of the State of Delaware and with its principal place of business in the State of Louisiana.  Defendant may be served at its office at 229 Development Street, Houma, Louisiana 70363.

## II.     JURISDICTION

2.1     This action is within the admiralty and maritime jurisdiction of this Court within the meaning of 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h) because it concerns a maritime contract.

## III.    VENUE

3.1     Venue is proper in this Court because Defendant's principal office is located within this district and division.

3.2     Furthermore, venue is proper in this Court pursuant to the valid and enforceable contractual forum selection clause contained in the contract between the parties.  *See* Ex. A at ¶ 11(B).  In breach of the aforementioned forum selection clause, Defendant Delta Towing filed its Original Petition against Plaintiffs on or about December 9, 2009 in the 164th Judicial District Court of Harris County, Texas.

## IV.    FACTS

4.1     International Marine and Defendant entered into a contract regarding the purchase and subsequent chartering of two vessels, the DELTA TEAM and DELTA SKIPPER, on September 8, 2006.[1]  As part of the agreement, the contract provided for restrictions on Plaintiffs' ability to use and charter the vessels after the sale and provided for payment by Plaintiffs of a portion of charter hire earned by the vessels to Defendant under certain circumstances.  *See* Ex. A at ¶11(F).

---

[1] IOS executed a guaranty contract with Defendant on September 8, 2006, *See* Ex. B.

4.2     The terms of the chartering provisions state that for all instances of chartering of the vessels, International Marine is purportedly required to pay ten percent (10%) to Defendant for any charter hire of either of the vessels.  *Id.*

4.3     Subsequent to the sale of the vessels, the present dispute arose wherein Defendant alleges Plaintiffs' breached the chartering provisions of the agreement.  Defendant claims that for the alleged breach of failure to pay 10% of charter hire, it is entitled to a liquidated damage penalty of two hundred fifty thousand dollars ($250,000) for every "occurrence" in breach of the chartering agreement.

4.4     Defendant claims that it is entitled to over $9 million in penalties resulting from over thirty-six (36) alleged "occurrences" of breach of the chartering agreement.  Of these alleged "occurrences," Defendant's ten percent (10%) share of the charter hire would total approximately $90,950.33.  Plaintiffs have previously tendered payment of this amount in two checks, and Defendant has held these two checks for over a year without negotiating either check.

4.6     Plaintiffs, therefore, seek declaratory relief to determine whether the chartering agreement has been breached and to determine the rights and obligations of each party.

## V.     REQUEST FOR DECLARATORY RELIEF

5.1     Plaintiffs incorporate by reference all allegations in paragraphs 4.1 through 4.6 above as if fully set forth herein.

5.2     Plaintiffs bring this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

5.3     Declaratory relief is available because there is an actual, substantial controversy between the parties.  Specifically, Defendant has provided notice that it seeks damages for the

alleged breach of contract by Plaintiffs pursuant to the liquidated damages clause contained in the chartering agreement. Plaintiffs contend that there has not been a breach of the chartering provisions of the agreement, and alternatively, that the liquidated damages penalty is an unenforceable penalty.

5.4    For the foregoing reasons, Plaintiffs request a declaratory judgment that Plaintiffs have not breached the chartering provisions of the agreement with Defendant. Plaintiffs further request a declaratory judgment that the liquidated damages penalty contained in Paragraph 11(F) of the contract be found unenforceable as a matter of law.

5.5    Plaintiffs further request reasonable attorney fees for its prosecution of declaratory judgment, costs of court, and any and all other relief, whether general or special, in law or in equity, which this Court deems appropriate.

## VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant Delta Towing L.L.C. be cited to answer and appear herein and that upon final hearing of this cause that judgment be entered in Plaintiffs' favor for the following:

    a.    A declaration of the parties' rights and obligations under the chartering agreement as described in Section V, above;

    b.    Reasonable and necessary attorney's fees;

    c.    Court costs and other necessary costs of suit;

    d.    Pre-judgment and post-judgment interest at the maximum rates permitted by law;

    e.    All other additional relief, whether at law or equity, to which Plaintiffs herein may prove itself to be justly entitled.

Respectfully submitted,

/s Lisa M. Africk_____
Lisa M. Africk (Bar #26724)
BROWN SIMS, PC
Poydras Center - Suite 2200
650 Poydras Street
New Orleans, Louisiana 70130
Telephone:    (504) 638-8472
Facsimile:    (504) 638-8473

ATTORNEY FOR PLAINTIFFS
INTERNATIONAL MARINE, L.L.C. AND
INTERNATIONAL OFFSHORE SERVICES,
L.L.C.

## SERVICE REQUEST

Service of Process is waived in accordance with Rule 4(d) of F.R.C.P.

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2010, a copy of the foregoing Plaintiffs' Original Complaint for Declaratory Relief, all Exhibits, and Civil Cover Sheet were filed electronically with the Clerk of Court using CM/ECF system.

_____/s/ Lisa M. Africk_____
Lisa M. Africk