**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| INTERNATIONAL MARINE, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-0044 |
| DELTA TOWING LLC | SECTION "L" (2) |

## <u>ORDER & REASONS</u>

The Court has pending before it Third Party Plaintiff International Marine, LLC's and International Offshore Services, LLC's (collectively, "International Marine") motion for reconsideration of this Court's November 1, 2013, order.[1] (Rec. Doc. 285). In that order, the Court granted Third Party Defendant Stephen Valdes' motion to dismiss and limited his liability for International Marine's pre-closing liabilities to his share of International Marine at the time of the sale, namely 5%. (Rec. Doc. 281). International Marine now requests that this Court "reconsider [its] decision because it runs contrary to the plain and unambiguous language of the parties' written agreements." (Rec. Doc. 285-1 at 2). Specifically, it states that the Court "did not address" language in the Purchase Agreement and "did not mention" language in the Assumption Agreement, which, it contends, made Valdes liable for all pre-closing liabilities. (*Id.* at 2).

A Federal Rule of Civil Procedure 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[2] *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc*., 910 F.2d 167, 174 (5th Cir. 1990); *Templet*, 367

---

[1] The factual and procedural background of this case was discussed in the November 1, 2013, order. (Rec. Doc. 281).

[2] Federal Rule of Civil Procedure 54 defines the term "judgment" as "a decree [or] any order from which an appeal lies."

F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest

error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the

controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting

*Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The United States

Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a

judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*,

367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La.

2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have

been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at

*2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to

grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S.

Constructors Grp, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

    Here, the Court closely considered the briefs and oral argument of the parties, the

relevant portions of the record, and the applicable law before issuing an order that thoroughly

discussed the nature and scope of Valdes' liability for International Marine's pre-closing

liabilities as governed by all the language within both the Purchase Agreement and the

Assumption Agreement. International Marine's motion for reconsideration merely seeks to re-

litigate matters that have been resolved to its dissatisfaction. Accordingly, **IT IS ORDERED**

that International Marine's motion for reconsideration (Rec. Doc. 285) is **DENIED**.

    New Orleans, Louisiana, this 20th day of November, 2013.

UNITED STATES DISTRICT JUDGE