UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INTERNATIONAL MARINE, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-0044 |
| FDT, LLC F/K/A DELTA TOWING, L.L.C. | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court are objections from each pertinent party, FDT, LLC, f/k/a Delta Towing, L.L.C. ("Delta"), and International Marine, L.L.C. and International Offshore Services, L.L.C. (collectively "International"), (Rec. Docs. 442, 444), regarding Magistrate Wilkinson's Findings and Recommendation ruling regarding attorneys' fees and costs, (Rec. Doc. 429). The Court has reviewed the parties' memoranda and the applicable law, and now issues this Order and Reasons.

### I.     BACKGROUND

This is a declaratory judgment action regarding a liquidated damages clause in a Vessel Sales Agreement ("VSA") with a non-compete charter provision. In 2006, Delta and International entered into a VSA pursuant to which Delta would sell International two tugboats for $4 million. The VSA contained a non-compete clause which limited International's ability to charter the vessels in the Gulf of Mexico in competition with Delta. The VSA also contained a provision labeled as a liquidated damages clause which set damages at $250,000 per breach of the non-compete clause. In 2008, Delta informed International that it discovered numerous violations of the VSA non-compete clause.[1]

---

[1] A complete factual background can be found in the Court's Findings of Fact and Conclusions of Law. (Rec. Doc. 336).

In 2009, Delta brought an action against International in Texas state court for breach of the VSA. The forum selection clause in the VSA required that the parties resolve their dispute in this Court, thus the Texas suit was dismissed and International then brought the present action seeking a declaratory judgment that it had not breached the VSA and that the liquidated damages clause in the VSA was unenforceable.

United States District Judge A.J. McNamara initially was assigned the case, and in 2011 ruled that the liquidated damages clause was enforceable. He did not resolve the issues of damages. Following Judge McNamara's retirement, the case was assigned to this Section of the Court. In 2012, this Court denied a motion for reconsideration of Judge McNamara's order and found that the liquidated damages clause was valid. The Fifth Circuit affirmed, holding that the liquidated damages clause was enforceable, noting that "the total damages claimed are so large because International breached the non-competition provision at least twenty-seven times." (Rec. Doc. 182 at 10 n.4).

After a bench trial for the purposes of determining liability for the number of breaches and resulting damages, this Court issued a Findings of Fact and Conclusions of Law ("FFCL"), ruling that International was liable for 33 breaches of contract. (Rec. Doc. 336). The Court ruled that, under the enforceable liquidated damages clause, International must pay Delta $8.25 million plus judicial interest. Thereafter, International filed a motion to alter or amend the FFCL, which the Court denied. (Rec. Doc. 338). On October 14, 2014, the Court issued a partial judgment under Rule 54(b) in favor of Delta, leaving only the issue of fees and costs between Delta and International, arising from their contractual agreement and the Parent Company Guarantee.[2]

---

[2] The Court separately considered the liability of Mr. Stephen Valdes, a former co-owner of International Marine. (Rec. Doc. 439). Issues surrounding Mr. Valdes' liability are not pertinent to the instant objections, thus will not be discussed further.

This Court referred the issue of fees and costs to the Magistrate. In total, Delta seeks $1,116,008.64 in fees and costs, split between two law firms. After substantial briefing, the Magistrate issued a Findings and Recommendation, ruling that Delta should be awarded the amount of $716,883.60 in reasonable attorneys' fees and $56,370.17 in recoverable costs, for a total of $773,253.77. (Rec. Doc. 429).

## II.     PRESENT MOTIONS

Before the Court are both parties' objections to the Magistrate's ruling. International objects based on its prior arguments regarding the underlying FFCL. (Rec. Doc. 442). The appeal in that case is now pending. In the alternative, International requests that this Court stay enforcement of any judgment regarding fees and costs without a bond because International would not be able to post the bond amount under Local Rule 62.2.

Delta also objects to the Magistrate's ruling. (Rec. Doc. 444). First, it argues that the lodestar method is not applicable because "reasonableness" is not required under the contractual agreement. Second, it argues that time spent litigating and monitoring state court proceedings was improperly deducted. Third, it argues that time spent redacting invoices was improperly deduced. Fourth, it argues that the requested award should not be reduced for failure to exercise billing judgment. Fifth, it argues that the amount of recoverable costs was improperly reduced.

## III.    DISCUSSION

Courts have struggled with the appropriate standard of review of a magistrate's ruling on attorney fees. *See, e.g.*, *Blair v. Sealift, Inc.*, 848 F.Supp. 670, 676 (E.D. La. 1994). Regardless, even under the most strict *de novo* standard of review, this Court agrees with the Magistrate's Findings and Recommendation and the reasoning therein.

International's objection, based on its underlying arguments that it is not liable to Delta, is immaterial. These issues of liability and damages have already been litigated fully and

exhaustively. The Court of Appeals has already affirmed enforceability of the liquidated damages clause. The Court subsequently conducted a trial and issued a FFCL on liability and damages. Just as it has done at essentially every stage of these proceedings – notably increasing the amount of attorneys' fees for all parties – International thereafter moved to alter or amend the FFCL, essentially rehashing its prior arguments. The Court once again discussed liability and damages and rejected International's motion to alter or amend. Finally, the Court issued a 54(b) judgment on the FFCL, which is now on appeal before the Fifth Circuit. International's repeatedly rejected arguments concerning the Court's FFCL is not a fruitful basis of objection to the Magistrate's sound ruling on fees and costs here. Other than this global objection to the Court's underlying ruling, International has not taken issue with any specific part of the Magistrate's ruling regarding fees. The absence of any such argument supports the Magistrate's reasoning. *Cf. Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir 1996) (en banc) (holding that a party's failure to object to a magistrate judge's report and recommendation shall bar that party, absent plain error, from attacking on appeal the unobjected-to findings), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

  The Court is also not persuaded by Delta's objections. Delta first objects that the lodestar method is inapplicable here and that reasonableness is not required. The Court acknowledges that this maritime breach of contract case includes a contractual provision pertinent to the allocation of attorneys' fees. Even so, where a contractual provision provides for the allocation of attorneys' fees, the court nonetheless has the discretion to reduce any award that would be "inequitable and unreasonable." *See, e.g.*, *General Elec. Credit Corp. v. Oil Screw Triton VI*, 712 F.2d 991 (5th Cir. 1983). The lodestar method applied here by the Magistrate provides for a sound method of assessing the fees for reasonableness. *See Malin Intern. Ship Repair &*

*Drydock, Inc. v. M/V SEIM SWORDFISH*, 611 F.Supp.2d 627, 635-36 (E.D. La. 2009) (affirming the lodestar method as a valid basis for determining reasonable attorneys' fees in a maritime contract case); *see also Natco Ltd. P'ship v. Moran Towing of Fla., Inc.,* 267 F.3d 1190, 1196 (11th Cir.2001) (same); *Cortes Molina v. TL Dallas (Special Risks) Ltd.,* 547 F.Supp.2d 102, 115 (D.Puerto Rico 2008) (same). The factors used by the Magistrate support the reasonable reduction he has recommended. Turning now to Delta's other objections, the Court similarly agrees with the Magistrate's reasoning. For the reasons explained by the Magistrate, it is proper to deduct fees for litigation and monitoring in the noted state court actions. Likewise, it is proper to deduct for redaction of the invoices. Finally, the deductions for failure to exercise billing judgment and for costs are likewise sound.

**A.     Denial of stay without bond**

The Court also rejects International's alternate request to stay enforcement of any fee/cost judgment without a bond. Under both Federal Rule 62(d) and Local Rule 62.2, a stay presumptively requires a bond. As International notes, although the Court has the authority to waive or modify the bond requirement, if the Court "depart[s] from the usual requirement of a full security supersedeas bond[,] ... it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove Planting and Refining, Co. v. Bache Halsey Stuart, Inc*., 600 F.2d 1189, 1191 (5th Cir.1979). Here, International has not demonstrated a convincing reason to alter or waive the bond requirement. If anything, a bond in this case is more necessary than in a typical case, as Delta apparently so far has been unable to enforce this Court's underlying judgment against International. Several facts evidence the difficulty of enforceability. For one, subsequent to this Court's underlying judgment, Delta found reason to initiate judgment debtor proceedings in this Court. Additionally, Delta has filed suit in

state court, a suit which apparently attempts to enforce the judgment. Therefore, the Court will not stay the enforcement of its ruling on fees and costs without a bond.

## IV.     CONCLUSION

For these reasons, **IT IS ORDERED** that the Magistrate's Findings and Recommendation are **ADOPTED** as the opinion of this Court, (Rec. Doc. 429);

**IT IS FURTHER ORDERED** that Delta is hereby **AWARDED** $716,883.60 in reasonable attorneys' fees and $56,370.17 in recoverable costs, for a total of $773,253.77.

New Orleans, Louisiana, this 3rd day of March, 2015.

_____
UNITED STATES DISTRICT JUDGE