UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INTERNATIONAL MARINE, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-0044 |
| FDT, LLC F/K/A DELTA TOWING, L.L.C. | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court is Defendant and Plaintiff-in-Counterclaim, FDT LLC f/k/a Delta Towing L.L.C.'s ("Delta") Motion to Re-Open Case and Vacate International's Notices of Voluntary Dismissal of Stephen J. Williams ("Williams"), Kelly B. Steele, Sr. ("Steele") and WMW, LLC ("WMW") (collectively, "Third Party Defendants") (Rec. Doc. 497).

I.   BACKGROUND

The dispute underlying this litigation is based upon breaches by International Marine LLC and International Offshore Services, L.L.C. (individually and/or collectively, "International") of a non-compete provision contained in the Vessel Sales Agreement ("VSA") that International entered into with Delta in September 2006 for the purchase of two vessels for $4 million.

International Marine is a company that provides vessels to assist offshore construction, exploration, and production activities. Until 2009, Williams, Steele, WMW, and Stephen M. Valdez ("Valdez") (collectively, "International Former Members") owned 70%, 5%, 20%, and 5% of the company respectively.  In January 2009, the International Former Members conveyed an 80% interest in the company to Ferry Holding Corporation ("FHC"), with Williams retaining a 20% (*See* Rec. Doc. 241-2 at 59). The sale was effectuated through multiple documents, including a Purchase Agreement and an Assumption Agreement.

In 2009, Delta brought an action against International in Texas state court for breach of the VSA. The forum selection clause in the VSA required that the parties resolve their dispute in this Court, thus the Texas suit was dismissed and International then brought the present action seeking a declaratory judgment that it had not breached the VSA and that the liquidated damages clause in the VSA was unenforceable.

United States District Judge A.J. McNamara initially was assigned the case, and in 2011 ruled that the liquidated damages clause was enforceable. He did not resolve the issues of damages. Following Judge McNamara's retirement, the case was assigned to this Section of the Court. In 2012, this Court denied a motion for reconsideration of Judge McNamara's order and found that the liquidated damages clause was valid. The Fifth Circuit affirmed, holding that the liquidated damages clause was enforceable. (Rec. Doc. 182 at 10).

On May 9, 2013, while this lawsuit was pending, International, Williams and Steele, and others entered into a Confidential Settlement Agreement ("Agreement") and Full and Final Mutual Release of all Claims. Delta, Valdez and WMW were not parties to the Agreement. (Rec. Doc. 281).  Immediately after the execution of the Settlement Agreement, a dispute arose regarding whether the Agreement waived and released Williams and Steele from obligations related to matters not specifically discussed in the Agreement.  Consequently, on May 17, 2013, Williams and Steele filed suit in the 19th JDC, State of Louisiana, Case No. 621597 ("19th JDC Lawsuit") against International and other parties to the Agreement.

Thereafter, on June 26, 2013, International joined the Former Members as Third Party Defendants in this matter. (Rec. Doc. 211).  International's claims against the Former Members are based upon their liability for International's obligations under the VSA.  After a December 2013 bench trial for the purposes of determining liability and damages, this Court issued a

2

Findings of Fact & Conclusions of Law ("FFCL") on June 30, 2014, finding International liable for 33 breaches of contract. The Court ruled that, under the enforceable liquidated damages clause, International must pay Delta $8.25 million plus judicial interest. Thereafter, International filed a motion to alter or amend the FFCL, which the Court denied.

Meanwhile, on July 23, 2013, the 19th JDC issued a Judgment in the 19th JDC Lawsuit which *inter alia*, granted the Motion for Summary Judgment by Williams and Steele, finding that the Settlement Agreement was valid, binding, and enforceable, and released and discharged the obligations of Williams and Steele relating to the VSA, "including but not limited to those associated with the International Marine, L.L.C. et al. v. Delta Towing, L.L.C. dispute currently pending in the federal district court for the Eastern District of Louisiana." (Rec. Doc. 497 at Exhibit G). Upon receiving the 19th JDC Judgment and pursuant to Rule 41, International filed voluntary notices of dismissal of their third party claims against all Former Members except Valdez, dismissing the claims against Williams and Steele on the same day as the Judgment and against WMW on September 20, 2013. (Rec. Docs. 232, 254). The Williams and Steele claims were voluntarily dismissed "with prejudice" and the WMW claims without. *Id.* On December 23, 2014, this Court entered a final judgment on the matter. (Rec. Doc. 443).

Separately, on March 9, 2014, Delta filed suit against the International Former Members in the 24th JDC, requesting judgment against Williams, Steele and WMW in Delta's favor for damages related to the Assumption Agreement. (Rec. Doc. 497 at 8). On April 24, 2015, Williams and Steele filed an Exception of Res Judicata in the 24th JDC Lawsuit ("Exception"), arguing that the Williams-Steele Notice of Dismissal "with prejudice" served as an adjudication on the merits of Delta's direct claims against Williams and Steele and, thus, barred Delta from pursuing Williams and Steele on the claims at issue in this case in the 24th JDC Lawsuit. (Rec.

3

Doc. 497 at Exhibits I, J, K).[1] At a hearing on May 27, 2014, the judge in the 24th JDC ruled from the bench, and without issuing a written judgment, that the Exception was granted.

Finally, it should be noted that there are three appeals currently pending with the U.S. Fifth Circuit from this underlying matter. Those three appeals are as follows: (1) appeal of the underlying award in Delta's favor against International; (2) appeal of the judgment in Delta's favor against Valdez; and (3) appeal of award of attorneys' fees and costs.

## II. PRESENT MOTION

Six months after the final judgment was entered and nearly two years after the voluntary dismissals, Delta files the present Motion to Re-Open the Case and Vacate the Voluntary Dismissals. (Rec. Doc. 497). Through this Motion, Delta requests that this Court re-open the above-captioned matter in order to vacate under Federal Rule of Civil Procedure ("FRCP") 60(b) two voluntary dismissals filed by International, whereby International dismissed its third party claims against Williams and Steele and later against WMW. (Rec. Docs. 232, 254).

Delta argues that they are entitled to relief from these Dismissal Notices under FRCP 60(b)(4) because they are void due to being filed without Delta's consent, opportunity to be heard or personal jurisdiction of this Court, and, in the alternative, under FRCP 60(b)(6), due to the manifest injustice presented and Delta's lack of any free, calculated and deliberate choice with respect to the dismissals, at least to the extent the Williams-Steele Notice of Dismissal could be viewed as an adjudication on the merits of Delta's claim. (Rec. Doc. 497 at 3).

Steele and Williams appear before this Court for the limited purpose of submitting a memorandum in opposition to the instant motion. (Rec. Doc. 503). They argue that the motion is

---

[1] International's dismissal of WMW was not included in the Exception because International did not designate its dismissal of WMW as one "with prejudice."

without merit as it requests the Court "to inject itself into pending state court litigation *filed by Delta* in which these very same issues were 'teed up' by Delta." *Id.* at 2. They further argue that Delta has adequate remedies in state court and should not be allowed to circumvent that procedure. *Id.* Finally, Steele and Williams assert that Delta's motion is untimely under the applicable provisions of FRCP 60 and fails to make the required showing to justify relief under FRCP 60. *Id.* at 3.

Additionally, International submitted a response to the motion to make clear its position that, while International does not object to the filing of this motion by Delta, seeking relief as to claims that Delta may have against Williams, Steele and WMW, it strongly objects to any order that vacates the dismissal of International's claims against Williams, Steele and WMW. (Rec. Doc. 504). International was bound by the order of the 19th JDC to enter voluntary dismissals of its claims against Williams, Steele and WMW and does not consent to any judgment that would vacate or undo that which has been ordered by another court. *Id.* at 4.

As clarified in Delta's Reply, Delta requests an order re-opening the case, vacating the Dismissal Notices as to Delta, recognizing that Delta's claims against Williams, Steele, and WMW remain pending in this case, and authorizing Delta to serve the Third-Party Complaint upon Williams, Steele, and WMW for an adjudication on the merits (or Grant Delta leave to assert its own direct claims against them).  In the alternative, Delta requests an order vacating the Williams-Steele Notice of Dismissal to the extent that it could be read to dismiss with prejudice any direct claims of Delta against Williams and Steele and issue a clarifying order that those claims are considered dismissed without prejudice and reserving all rights to Delta to assert those claims against Williams and Steele elsewhere (Rec. Doc. 506).

### III. LEGAL DISCUSSION & ANALYSIS

#### A. Jurisdiction

As a threshold matter, this Court must determine whether it retains jurisdiction over a case, which is pending appeal. In general, "[t]he filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Sandres v. Louisiana Div. of Admin.*, 551 F. App'x 95, 98 (5th Cir. 2013) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, (1982)). However, "the district court is nonetheless free to adjudicate matters that are not involved in that appeal." *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011). "[A]n issue in the district court is only an 'aspect[] of the case involved in the appeal' if the appeal and the claims before the district court address the same legal question. Id. at 909 (quoting *Griggs* 459 U.S. at 58).

In this case, the three issues on appeal do not involve the Third Party Defendants against whom International dismissed its claims. Accordingly, as Delta correctly argues (and the Third Party Defendants do not explicitly contest), given that the question of whether International's voluntary dismissals under Rule 41 should be vacated does not address the same legal questions as the issues on appeal, this Court is free to adjudicate the present motion.

#### B. Dismissals under FRCP 41

Additionally, Delta argues that International, as a Third Party Plaintiff, cannot voluntarily dismiss a claim against a Third Party Defendant under Rule 41 without the Plaintiff's consent. (Rec. Doc. 497 at 12). Rule 41 of the Federal Rules of Civil Procedure permits plaintiffs to voluntarily dismiss causes of action without prejudice if certain conditions are met. Under Rule 41(a)(1), a plaintiff may dismiss a cause of action without order of the court by either 1) filing a

notice of dismissal at any time before service of an answer or motion for summary judgment by a defendant, whichever occurs first, or 2) filing a stipulation of dismissal signed by all parties who have appeared in the action. Fed. R. Civ. Proc. 41(a)(1).  Further, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Id.  The purpose of Rule 41(a)(2) "is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976).

The text of the Rule 41 does not support Delta's argument that a third-party plaintiff cannot voluntarily dismiss a FRCP 14(c) action against a third-party defendant without the consent of the plaintiff. Unsurprisingly, Delta does not cite to the text.  Delta, instead, cites to a decision out of the Eastern District of Wisconsin. See U.S. v. Isco, Inc., 463 F. Supp. 1293, 1294-95 (E.D. Wis. 1979)(holding that where the meaning of the third-party complaint was to designate the third-party defendant as a defendant to the complaint by the plaintiff, the third-party defendant could not be voluntarily dismissed without the permission of the plaintiff). However, unlike Delta, the plaintiff in Isco filed a timely motion to vacate the dismissal.  In contrast, International filed its notices of dismissal almost two years ago.  Further, Delta was aware of the dismissals being filed when they were filed.  If Delta felt that they might be prejudiced by these dismissals, they had ample opportunity to raise the issue. It appears, however, that Delta failed to move to set aside or appeal the dismissals because it apparently thought that International and Valdes would be able to respond to any judgment. Consequently, neither Delta's position as original plaintiff nor its alleged lack of consent to the dismissals bears upon the pending motion.

### C.     Relief Under FRCP 60(b)

Federal Rule of Civil Procedure 60(b) grants district courts the authority, on motion and just terms, to relieve a party or its legal representative from a final judgment, order, or proceeding for various enumerated reasons.  The extraordinary relief afforded by Rule 60(b), however, requires that "the movant make a sufficient showing of unusual or unique circumstances justifying such relief."  Pryor v. U.S. Postal Service, 769 F.2d 281, 286 (5th Cir. 1985).  The decision to grant or deny Rule 60(b) relief is within the sound discretion of the trial court.  Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2002); see also Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991).   Specifically, Delta requests relief under Rule 60(b)(4) on the grounds that the dismissals are void or, in the alternative, under Rule 60(b)(6) due to the "manifest injustice" stemming from Delta's lack of choice with respect to the dismissals. (Rec. Doc. 497 at 2-3).

#### 1.     Relief Under 60(b)(4)

Rule 60(b)(4) allows a party to seek relief from a final judgment that "is void," but only in the rare instance where a judgment is premised on either a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010).  Notwithstanding the foregoing, a "motion under Rule 60(b)(4) is not a substitute for a timely appeal."  Id.  As noted in Steele and Williams' opposition, Delta's state court pleadings reveal that it was well aware of its potential claims before such claims were dismissed with prejudice. (Rec. Doc. 503 at 8). Nonetheless, Delta chose neither to assert those claims directly nor move to set aside or appeal the dismissal in a timely manner.  Thus, while Delta's claims against the Third Party Defendants were not adjudicated on the merits, Delta had an opportunity to be heard and chose not to avail

8

itself of that opportunity. Consequently, Delta's argument that the dismissal notices are void for lack of Delta's consent and/or void as violative of Delta's due process lack merit. Rule 60(b)(4) "does not provide a license for litigants to sleep on their rights." See 559 U.S. at 275. Although Delta may not have had the opportunity to oppose the dismissals prior to their issuance, Delta did have the opportunity to timely register its lack of consent and assert its due process rights by immediately moving to set aside the dismissal, re-naming Steele and Williams directly, or appealing the dismissals with prejudice.

Delta additionally argues that the dismissals are void because the Court had no personal jurisdiction over the third party defendants. This argument is not completely without merit. On the one hand, "it is of no consequence that the court lacks jurisdiction over the defendant" with regards to the validity of a Rule 41(a)(1) dismissal. Derr v. Swarek, 766 F.3d 430, 441 (5th Cir. 2014). On the other hand, this precept is based on the notion that "if the plaintiff chooses to extinguish his rights forever he is entitled to do so, and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims." Id. It is true that Delta itself did not choose to extinguish its rights forever. Nonetheless, Delta is still not entitled to relief under Rule 60(b)(4) on this basis as Delta freely chose not to pursue those remedies available to it at the time. Moreover, Delta's argument that the Rule 41 dismissal with prejudice should not create a res judicata bar to its claims is one that should have been made—and was made (albeit unsuccessfully)—to the 24th JDC when it granted the res judicata exception. Delta cannot contest the res judicata decision in state court by filing a Rule 60(b) motion in Federal Court.

### 2. Relief Under 60(b)(6)

Rule 60(b) sets out five specific bases for granting relief from a final judgment, followed by a sixth catch-all clause. The Fifth Circuit has held that the "any other reason language" of clause (b)(6) refers to any reason other than those contained in the five enumerated grounds. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (quoting Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767, 773 (5th Cir.1995). Further, clause (b)(6) is narrowly circumscribed and relief is granted only if "extraordinary circumstances are present." Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990) (affirming order denying Rule 60(b)(6) motion based on change in federal law) (citations omitted); see also Batts, 66 F.3d at 747-49 ("Changes in decisional law based on constitutional principles are not of themselves extraordinary circumstances sufficient to justify Rule 60(b)(6) relief.")

A party who could have acted but elected not to does not fit the narrowly circumscribed class of litigants entitled to protection under Rule 60(b)(6). Delta did not seek the Court's intervention until after it lost its *res judicata* exception in state court. The fact that a federal dismissal has adverse consequences on a state court action does not rise to the level of manifest injustice requiring relief. See Verret v. Elliot Equipment Corp., 734 F.2d 235 (5th Cir. 1984) (holding that a district court did not abuse its discretion when it denied a Rule 60(b) motion to vacate an earlier dismissal for lack of subject matter jurisdiction, even though the dismissal had potentially adverse prescriptive effects on the plaintiff's state court action). The fact that Delta is dissatisfied with the exception granted in the 24th JDC is not grounds for re-opening the above-captioned case. Delta should be seeking appellate relief from that ruling in state court. See Id. at 237, n. 4. (in denying the Rule 60(b) motion, the Fifth Circuit noted that "the plaintiff's

10

dissatisfaction with the adverse effects of any state court action is more properly a matter to be pursued in the state courts.").

## IV. CONCLUSION

After reviewing the briefing, the relevant law, and the procedural history of the case, the Court finds that Delta has failed to demonstrate the extraordinary circumstances necessary for relief under Rule 60(b)(4) or 60(b)(6).

Accordingly, **IT IS ORDERED** that Delta's Motion to re-open this matter and vacate the Dismissal Notices as to Delta are **DENIED**; similarly, **IT IS ORDERED** that Delta's request to vacate the Williams-Steele Notice of Dismissal to the extent that it could be read to dismiss with prejudice any direct claims against Williams and Steele is **DENIED**.

New Orleans, Louisiana, this 29th day of June, 2015.

_Eldon E. Fallon_

UNITED STATES DISTRICT JUDGE